IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

V. TAD GREENE, on behalf of himself
and as personal representative of
C.G. and ASHLEY L. GREENE,

    Plaintiffs,

v.                                         Civil Action No. 5:10CV104
                                                                   (STAMP)
NATIONWIDE MUTUAL INSURANCE COMPANY,
an Ohio corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING PLAINTIFFS' SECOND MOTION TO REMAND
AND DENYING DEFENDANT'S REQUEST FOR ORAL ARGUMENT**

I. Background

The plaintiffs commenced this civil action in the Circuit Court of Wetzel County, West Virginia to recover remaining benefits allegedly owed to them under an insurance policy issued by the defendant, Nationwide Mutual Insurance Company ("Nationwide"), as the result of a motor vehicle collision. Following removal of the action to this Court pursuant to 28 U.S.C. § 1332, the plaintiffs filed a motion to remand on the basis that the defendant had failed to prove that the amount in controversy was in excess of $75,000.00. This Court granted the plaintiffs' motion to remand on March 10, 2010, finding that Nationwide had not met its burden of proof with regard to the amount in controversy.[1]

---

[1]In this opinion, the Court noted that the defendant could file a second notice of removal upon receipt of an amended complaint or some "other paper" from which it may first be

After conducting additional discovery, defendant Nationwide served the plaintiffs with an offer of judgment for $100,000.00 and informed the plaintiffs that pursuant to Rule 68 of the Federal Rules of Civil Procedure, they had ten days within which to accept the offer. Following the expiration of the ten day period, Nationwide timely filed a second notice of removal pursuant to 28 U.S.C. §§ 1441 and 1446(b). On October 29, 2010, the plaintiffs filed a second motion to remand, to which the defendant responded and the plaintiffs replied. For the reasons set forth below, the plaintiffs' second motion to remand is granted.

## II. Applicable Law

A defendant may remove a case from state court to federal court in instances where the federal court is able to exercise original jurisdiction over the matter. 28 U.S.C. § 1441. Federal courts have original jurisdiction over primarily two types of cases: (1) those involving federal questions under 28 U.S.C. § 1331, and (2) those involving citizens of different states where the amount in controversy exceeds $75,000.00, exclusive of interests and costs pursuant to 28 U.S.C. § 1332(a). The party seeking removal bears the burden of establishing federal jurisdiction. See Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Removal jurisdiction is strictly

---

ascertained that the case is one which has become removable.

construed, and if federal jurisdiction is doubtful, the federal court must remand. Id.

### III. Discussion

In their second motion to remand, the plaintiffs contend that this action must be remanded to state court because the defendant has failed to prove that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Specifically, the plaintiffs argue that the defendant's offer of judgment is not an "other paper" for purposes of removal.[2]

In response, the defendant argues that the United States Court of Appeals for the Fourth Circuit has held that written offers of settlement constitute "other paper" under § 1446(b), thus, the defendant's offer of judgment in the amount of $100,000.00 proves by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional limit and therefore supports removal. This Court disagrees.

28 U.S.C. § 1446(b) provides:

> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become

---

[2]The plaintiffs also argue that Nationwide's offer of judgment is inadmissible under Rule 68(c) of the Federal Rules of Civil Procedure. Because this Court finds that Nationwide's offer of judgment does not constitute an "other paper" under 28 U.S.C. § 1446, it is not necessary to address the plaintiffs' evidentiary argument.

3

> removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. § 1446(b). "The 'motion, order or other paper' requirement is broad enough to include any information received by the defendant, 'whether communicated in a formal or informal manner.'" Yarnevic v. Brink's, Inc., 102 F.3d 753, 755 (4th Cir. 1996) (quoting Broderick v. Dellasandro, 859 F. Supp. 176, 178 (E.D. Pa. 1994)). However, in determining when the defendant had notice of the grounds for removal, the court need not inquire into the subjective knowledge of the defendant -- "those grounds [must] be apparent within the four corners of the initial pleading or subsequent paper." Lovern v. General Motors Corp., 121 F.3d 160, 162 (4th Cir. 1997). Further, "[g]enerally, only a voluntary act on the part of a plaintiff can render an initially unremovable action removable under . . . 28 U.S.C. § 1446(b)." King v. Kayak Mfg. Corp., 688 F. Supp. 227, 229 (N.D. W. Va. 1988); Rodgers v. Northwestern Mut. Life Ins. Co., 952 F. Supp. 325 (W.D. Va. 1997) (stating that "other paper" for purposes of § 1446(b) must be the product of a voluntary act on the part of the plaintiff).

This Court has consistently applied the "preponderance of evidence" standard to determine whether a defendant has met its burden of proving the amount in controversy. Applying the objective test of Lovern, which requires that this Court rely solely on the facts contained within the four corners of the

initial pleading or Nationwide's offer of judgment, this Court finds that the defendant has failed to establish that the amount in controversy exceeds $75,000.00. Nationwide's offer of judgment alone does not support removal. Although Nationwide refers to the fact that it engaged in discovery and obtained medical records and bills from the plaintiffs, none of these documents are before the Court at this time, and <u>Lovern</u> is clear that they may not be considered in determining whether Nationwide has met its burden of proof.

Moreover, the defendant has offered no proof or evidence that the plaintiffs committed a voluntary act to subject themselves to federal jurisdiction. See <u>King</u>, 688 F. Supp. at 229. Nationwide argues that the plaintiffs' refusal to accept the offer of judgment before it expired was a voluntary act, but this Court disagrees. There may be any number of reasons why the plaintiffs allowed the offer of judgment to lapse, and it is improper to assume that they did so solely because of issues surrounding the value of the claim. See <u>Humphries v. Anderson Trucking Serv., Inc.</u>, Civil Action No. 10-00194-CG-N, 2010 WL 2898317, at *5 (S.D. Ala. June 29, 2010) (holding that the failure of the plaintiff to respond to the offer of judgment, and as a result, its expiration by operation of law, did not make the case removable). The defendant cannot manufacture federal jurisdiction by a document of its own making, and the

plaintiffs' inaction does not constitute a voluntary act that would trigger removal.

Finally, this Court finds that the matter has been adequately briefed, and the plaintiffs' second motion to remand can be decided without oral argument.  Thus, this Court rejects the defendant's request for oral argument on the plaintiffs' motion to remand.

## IV.   Conclusion

For the reasons stated above, the plaintiffs' second motion to remand is GRANTED and the defendant's request for oral argument is DENIED.  Accordingly, it is ORDERED that this case be REMANDED to the Circuit Court of Wetzel County, West Virginia.  It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the Clerk of the Circuit Court of Wetzel County, West Virginia.  Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:    January 21, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE